# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANTHONY B. NAPIER,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0156** (BOR Appeal No. 2049702)
(Claim No. 2004023632)

**SWVA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Anthony B. Napier, by Lawrence B. Lowry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. SWVA, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 26, 2015, in which the Board affirmed an August 20, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's May 31, 2012, decision to state that Mr. Napier was not entitled to a permanent partial disability award for reflex sympathetic dystrophy in his left leg.[1] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Napier worked as a robotic welder for SWVA, Inc. On November 12, 2003, he injured his lower back when he tripped and fell off a steel platform. The claims administrator

---

[1] The claims administrator's May 31, 2012, decision incorrectly stated that Mr. Napier was not entitled to any permanent partial disability award for his work related injury even though he had previously been granted a 13% permanent partial disability award for his lumbar spine under this claim.

1

held the claim compensable. Following the injury, he came under the care of Robert W. Lowe, M.D. Dr. Lowe had an MRI taken of Mr. Napier's lower back which revealed a L5-S1 disc rupture impinging on the S1 nerve root. He requested authorization for surgery to repair the ruptured disc, and the claims administrator granted authorization for the requested discectomy. However, Mr. Napier continued to have pain in his back and left leg. Bobby Miller, M.D., then performed a forensic psychiatric evaluation on Mr. Napier. Dr. Miller found that Mr. Napier often felt confused and angry. He found that Mr. Napier met the criteria under the American Psychiatric Association's *Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994) for conversion disorder. Dr. Miller found that the condition was psychiatric and it affected voluntary motor or sensory function and produced symptoms that could not be explained by a general medical condition. Dr. Miller particularly noted that Mr. Napier's complaints of general confusion and anger were an indication of conversion disorder. He also noted that Mr. Napier's sudden and unexplained inability to walk was an indication of the condition.

Dr. Lowe then referred Mr. Napier to Panos Ignatiadis, M.D., who found that he had severe hyperpathic pain in the distribution of the sciatic nerve on the left side even though there was no MRI evidence of residual or recurrent disc problems. Dr. Ignatiadis diagnosed Mr. Napier with reflex sympathetic dystrophy of the sciatic nerve which occurred because of his repaired disc herniation. Dr. Lowe also treated Mr. Napier. He found that the toes on Mr. Napier's left foot were different colors than the toes on his right foot. He agreed with Dr. Ignatiadis's diagnosis and requested that reflex sympathetic dystrophy of the left leg be added to the claim.

Paul W. Craig II, M.D., then evaluated Mr. Napier. He found that Mr. Napier had been diagnosed with conversion disorder which would significantly alter Mr. Napier's treatment and impairment rating. He also found that he had 13% whole person impairment under Lumbar Category III of West Virginia Code of State Rules § 85-20-C (2006). The claims administrator granted Mr. Napier a 13% permanent partial disability award based on Dr. Craig's report. The Office of Judges, however, reversed the claims administrator's decision because it found that reflex sympathetic dystrophy should be added to the claim.[2] Christopher Martin, M.D., also evaluated Mr. Napier and determined he had 13% impairment under the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-C. Dr. Martin also found that Mr. Napier's conversion disorder, which was diagnosed by Dr. Miller, obscures the ability to diagnose and provide an impairment rating for reflex sympathetic dystrophy. He also found that conversion disorder could not be considered a work-related injury. The claims administrator then granted Mr. Napier a 0% permanent partial disability award. The Office of Judges modified the claims administrator's decision to state that the decision related to Mr. Napier's prior 13% permanent partial disability award was not a determination of the impairment related to his reflex sympathetic dystrophy.

---

[2] The Office of Judges' Order was reversed and remanded by the Board of Review for collection of additional evidence. However, on remand the Office of Judges again held the claim compensable for reflex sympathetic dystrophy, and the Board of Review affirmed the Office of Judges' remanded Order.

Following this Order, Prasadarao B. Mukkamala, M.D., also evaluated Mr. Napier with respect to his reflex sympathetic dystrophy. Dr. Mukkamala found that Mr. Napier's impairment was mainly due to some degree of conversion disorder. He also believed that Mr. Napier showed signs of symptom magnification. However, he found that Mr. Napier had no impairment due to reflex sympathetic dystrophy. On May 31, 2012, the claims administrator granted Mr. Napier a 0% permanent partial disability award for reflex sympathetic dystrophy based on Dr. Mukkamala's award. Bruce A. Guberman, M.D., then evaluated Mr. Napier. He found that Mr. Napier had significant left arm and left leg pain. He noted that Mr. Napier used a cane or wheelchair. He found that Mr. Napier had 95% sensory loss, 12% dysesthesia impairment, and 75% motor deficit impairment in the left lower extremity. He determined that these ratings combined for a 24% whole person impairment rating related to reflex sympathetic dystrophy of the left leg under the American Medical Association's *Guides*. He used a similar method of calculation and found that Mr. Napier had 35% whole person impairment for reflex sympathetic dystrophy for the left arm. He combined these ratings and found that Mr. Napier had 51% whole person impairment due to reflex sympathetic dystrophy. Marsha Lee Bailey, M.D., also evaluated Mr. Napier. She found that range of motion testing was difficult because of Mr. Napier's fear of pain. However, she found no clinical signs of reflex sympathetic dystrophy and found no ratable impairment due to the condition. She believed Mr. Napier's left leg symptoms were related to his conversion disorder. She also found that Mr. Napier's sensitivity to pinpricks was intact in both legs. Finally, Jerry Scott, M.D., evaluated Mr. Napier and determined that he had no whole person impairment related to reflex sympathetic dystrophy. Dr. Scott found no difference in the appearance or temperature of Mr. Napier's legs. Dr. Scott also found no evidence of atrophy in his left leg. Dr. Scott concluded that there was no objective evidence of reflex sympathetic dystrophy in Mr. Napier's left leg. On August 20, 2014, the Office of Judges modified the claims administrator's May 31, 2012, decision to grant Mr. Napier a 0% permanent partial disability award for reflex sympathetic dystrophy in his left leg. The Board of Review affirmed the Office of Judges' Order on January 26, 2015, leading Mr. Napier to appeal.

The Office of Judges concluded that Mr. Napier has not demonstrated that he is entitled to a permanent partial disability award for reflex sympathetic dystrophy in his left leg. The Office of Judges modified the claims administrator's decision to grant Mr. Napier a 0% permanent partial disability award for reflex sympathetic dystrophy in the left leg. The modification was based on the Office of Judges' prior Order which held the claim compensable for reflex sympathetic dystrophy in the left leg. The Office of Judges noted that there was no evidence that the claim had been held compensable for reflex sympathetic dystrophy in the left arm. The Office of Judges based its conclusion about the percentage of Mr. Napier's permanent partial disability award on the evaluations of Dr. Mukkamala, Dr. Bailey, and Dr. Scott. The Office of Judges also considered the impairment recommendation of Dr. Guberman, but it found that Dr. Mukkamala's, Dr. Bailey's, and Dr. Scott's recommendations were more reliable. The Office of Judges especially noted that the impairment rating Dr. Guberman calculated for loss of sensitivity was not consistent with Dr. Bailey's finding that Mr. Napier's sensitivity to pinpricks was intact in both legs. The Office of Judges also found that there was no evidence that Dr. Guberman considered the significance of Mr. Napier's conversion disorder or its impact on his impairment rating. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

3

On appeal, Mr. Napier argues that the Board of Review's and Office of Judges' Orders were clearly wrong because they violated the principle of res judicata. Mr. Napier argues that, because the Office of Judges previously held his claim compensable for reflex sympathetic dystrophy, he is entitled to a permanent partial disability award for the condition. Mr. Napier requests that this Court hold that he is entitled to a 51% permanent partial disability award based on Dr. Guberman's recommendation.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Napier has not demonstrated that he is entitled to any permanent partial disability award for reflex sympathetic dystrophy of his left leg. The evaluations of Dr. Mukkamala, Dr. Bailey, and Dr. Scott show that Mr. Napier does not have any ratable impairment related to reflex sympathetic dystrophy in his left leg. The recommendations of these physicians are sufficiently consistent with the evidence in the record, especially Dr. Miller's diagnosis of conversion disorder. The impairment evaluations of Dr. Mukkamala, Dr. Bailey, and Dr. Scott are also consistent with the directives of the American Medical Association's *Guides*, and the Office of Judges was within its discretion in relying on their opinions. The Office of Judges also provided adequate reasons for disregarding Dr. Guberman's impairment recommendation. Dr. Guberman did not sufficiently justify his impairment recommendation under the American Medical Association's *Guides*, and his opinion was not supported by the remainder of the evidence in the record. The Board of Review's and Office of Judges' Orders do not violate the principle of res judicata. Although the claim has been previously held compensable for reflex sympathetic dystrophy of the left leg, there is no evidence of any prior Order or decision holding that Mr. Napier is entitled to an additional permanent partial disability award for this condition. Because the current issue on appeal is distinct from the issues decided by the Board of Review's and Office of Judges' previous Orders, the principle of res judicata is not determinative for the present appeal.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

4